IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FORSYTHE, M.D., et al., | No. C-08-5160 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT GUNDERSON'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING** |
| v. | |
| MICHAEL MUKASEY, et al., | |
| Defendants / | |

Before the Court is defendant Mark Gunderson, M.D.'s ("Dr. Gunderson") "Entry of Appearance for Limited Purpose of Objection to Jurisdiction of the Court," filed December 15, 2008, by which Dr. Gunderson moves to dismiss the complaint filed by plaintiffs James W. Forsythe, M.D. ("Dr. Forsythe") and Earlene Forsythe's ("Mrs. Forsthye") (collectively, "the Forsythes"). The Forsythes have filed opposition, to which Dr. Gunderson has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for February 20, 2009,[1] and rules as follows.

//

---

[1] Dr. Gunderson's request to appear by telephone at the February 20, 2009 is DENIED as moot. For future reference, although the Court may conduct case management conferences by telephone, the Court does not conduct hearings on contested motions by telephone.

**BACKGROUND**

In their complaint, the Forsythes allege they are residents of Nevada, and that Dr. Forsythe practices medicine in Nevada. (See Compl. ¶¶ 1, 2, 14.) The complaint is brought against five individuals who are or were employees or officials of the United States, as well as against Dr. Gunderson, who is not an employee of the United States.[2]

According to the complaint, the Food and Drug Administration ("FDA"), the "U.S. Attorney," and defendant John Zelinksy, an FDA agent, "falsely stated or caused false statements of fact and law to be provided to the United States District Court for the District of Nevada and the United States Grand Jury for the State of Nevada" (see Compl. ¶ 89), Dr. Forsythe was indicted for a violation of 21 U.S.C. § 331(d) and a violation of 21 U.S.C. § 333(e) (see Compl. ¶ 35), the "false criminal charges" were filed because of "jealousy" on the part of "certain members of the Republican Party" because "Mrs. Forsythe had been very successful in her efforts to legally raise money for the Republican Party and Republican candidates which resulted in her being named the head of the Republican Party in the State of Nevada" (see Compl. ¶ 49), and "the Court and jury found that Dr. Forsythe had not committed any crime" (see Compl. ¶ 118).

Dr. Gunderson, according to the complaint, is "a resident of Nevada and doing business in Washoe County," Nevada. (See Compl. ¶¶ 1, 9.) The Forsythes allege Dr. Gunderson "intentionally provided evidence to use against Dr. Forsythe to [d]efendant Zelinksy" and did so "solely to allow Gunderson [and two companies] to obtain Dr. Forsythe's clients." (See Compl. ¶ 203.) Further, the Forsythes allege, Dr. Forsythe has made "false statements about the outcome of Dr. Forsythe's trial." (See Compl. ¶ 200.) The Forsythes allege that as a result of such conduct by Dr. Gunderson, the number of patient "referrals" Dr. Forsythe has received was "reduced" and some of Dr. Forsythe's patients were "improperly referred to other [p]hysicians, hospitals, and clinics." (See Compl. ¶ 199.)

---

[2] Other than Dr. Gunderson, no defendant has filed a response to the complaint.

The complaint contains twelve causes of action, of which two are alleged against Dr. Gunderson; specifically, as against Dr. Gunderson, the Forsythes allege a claim for "interference of current contractual relationships" (see Compl. at 24:26-27), and a claim for "intentional interference with prospective business relationships" (see Compl. at 27:17-18).

**DISCUSSION**

Dr. Gunderson argues the instant complaint is subject to dismissal as against him, on the ground the complaint fails to include any facts that could support a finding of personal jurisdiction, and, alternatively, that Dr. Gunderson is immune from liability.[3]

**A. Personal Jurisdiction**

"General jurisdiction [over a nonresident defendant] exists when the nonresident has substantial or continuous and systematic contacts with the forum state." FDIC v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (internal quotation and citation omitted). "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation and citation omitted). "Even without general jurisdiction over the defendant, the court in [the forum state] would have jurisdiction specific to the case at bar, if the controversy were sufficiently related to or arose out of [the defendant's] contacts with the forum state." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). A three-part test is used to determine whether such limited jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the

---

[3] Additionally, Dr. Gunderson argues, the Forsythe's claims against him are not "pendent" to the federal claims alleged against other defendants, because, according to Dr. Gunderson, the state law claims against him pertain only to conduct that occurred after the criminal trial. Assuming, arguendo, the Court would lack supplemental jurisdiction over a state law claim based on conduct occurring after the trial, Dr. Gunderson's argument nonetheless is unavailing, for the reason that the claims against him are based, in large part, on conduct in which he allegedly engaged before the trial. (See, e.g., Compl. ¶ 203.) In any event, as discussed below, the Court will dismiss the claims against Dr. Gunderson with leave to amend. If the Forsythes file a First Amended Complaint, Dr. Gunderson may, as appropriate, challenge the Court's exercise of supplemental jurisdiction over any state law claim against him included therein.

3

>privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

See id. (internal citation and quotation omitted) (alterations in original).

"At the motion to dismiss stage, a plaintiff is generally required only to make out a prima facie showing of personal jurisdiction to overcome a 12(b)(2) motion." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).[4] "Even so, mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Id.

Here, the complaint fails to include even a "bare bones" assertion of a basis for personal jurisdiction over Dr. Gunderson. As noted, the complaint alleges Dr. Gunderson is a resident of, and works in, Nevada. The complaint does not allege any facts to support a finding that Dr. Gunderson either has or had any contacts with California, let alone the type of "substantial or continuous and systematic contacts" with California necessary to support general jurisdiction, see FDIC, 828 F.2d at 1442, or, alternatively, contacts of a nature demonstrating he "purposefully avail[ed] himself of the privilege of conducting activities" in California and that the Forsythe's claims arise from such contacts, as is necessary to support specific jurisdiction, see Data Disc Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

Accordingly, the complaint is subject to dismissal. See Swartz, 476 F.2d at 766.

In their opposition, the Forsythes make various factual assertions not included in their complaint. (See Opp. at 6 (stating Dr. Gunderson owns property in Quincy, California, advertises in medical journals distributed in California, and, on unspecified dates in the past, held a license to practice medicine in California).) Although it is unclear if the newly-made assertions in the Forsythe's opposition would suffice to support a finding of personal

---

[4] Although Dr. Gunderson does not identify a statute under which his jurisdictional challenge is brought, the Court construes the motion as, in essence, one made under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

jurisdiction, the Court cannot conclude that it would necessarily be futile for the Forsythes to attempt to allege some factual basis exists to support a finding of personal jurisdiction.

Accordingly, the Forsythes will be afforded leave to file a First Amended Complaint to set forth therein, if they have a good faith basis for doing so, factual allegations that, if proven true, would support a finding of personal jurisdiction. See Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986) (holding plaintiffs suing in federal district court in California have burden "to allege and eventually prove that [their claims] against [defendants] either arose out of sufficient minimum contacts with California or that [defendants] had such 'continuous and systematic' California activities that rendered them 'present' for service of process even if the [claims] did not arise out of those activities").[5]

**B. Immunity**

Dr. Gunderson argues he is entitled to immunity,[6] pursuant to § 630.364 of the Nevada Revised Statutes, which section provides that "any person or organization who furnishes information concerning an applicant for a license or a licensee in good faith and without malicious intent in accordance with the provisions of this chapter is immune from

---

[5] In their opposition, the Forsythes request an opportunity to conduct jurisdictional discovery. Generally, a plaintiff is entitled to jurisdictional discovery if the plaintiff "demonstrate[s] how further discovery would allow [the plaintiff] to contradict the affidavits of [the defendant]." See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995). Here, Dr. Gunderson's motion is not based on affidavits denying factual allegations in the complaint; rather, the motion challenges the complaint on its face. Moreover, the Forsythes have failed to identify a theory that, if established, would be sufficient to support a finding of either general or specific jurisdiction. See, e.g., Butchers Union Local No. 498, 788 F.2d at 540 (holding district court did not err in denying plaintiffs' request for jurisdictional discovery, where plaintiffs "did not indicate the theory upon which [plaintiffs' allegations were based" and stated only they "believe[d] that discovery [would] enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"). Accordingly, the Court finds the Forsythes have failed to demonstrate their entitlement to conduct jurisdictional discovery.

[6] Although, as discussed above, the claims against Dr. Gunderson will be dismissed for lack of personal jurisdiction, the Court will consider whether the claims are also subject to dismissal under § 630.364.

5

any civil action for furnishing that information." See Nev. Rev. Stat. § 630.364, subpart 1.[7]

On a motion to dismiss, the factual allegations in the complaint are presumed true. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649-50 (9th Cir. 1988) (holding defendant entitled to dismissal where claim was subject to four-year statute of limitations and complaint alleged facts establishing claim accrued more than four years before complaint filed).  Here, the complaint does not include any facts to support a finding that Dr. Gunderson "furnished information" to the FDA "in good faith and without malicious intent"; rather, the complaint alleges Dr. Gunderson provided evidence to the FDA for the "sole purpose" of "obtain[ing] Dr. Forsythe's clients."  (See Compl. ¶ 203.)  Accordingly, and assuming § 630.364 applies to persons who furnish information to federal agencies, Dr. Gunderson has failed to show, at the pleading stage, his entitlement to immunity under § 630.364.

**C. Case Management Conference**

Because the claims against Dr. Gunderson will be dismissed and none of the other defendants has responded to the complaint, the Court finds it appropriate to continue the Case Management Conference, presently scheduled for February 20, 2009.

**CONCLUSION**

For the reasons stated above,

1. Dr. Gunderson's motion to dismiss is hereby GRANTED, and the complaint is, as against such defendant, DISMISSED with leave to amend.

2. If the Forsythes wish to file a First Amended Complaint, their First Amended Complaint shall be filed no later than March 6, 2009.

//

//

---

[7] The chapter in which § 630.364 is included provides that the Nevada Board of Medical Examiners has the power to discipline licensed physicians. See, e.g., Nev. Rev. Stat. § 630.301, subpart 1 (providing Nevada Board of Medical Examiners may institute disciplinary action against physician who is convicted of "a felony relating to the practice of medicine or the ability to practice medicine").

3. The Case Management Conference is hereby CONTINUED from February 20, 2009 to May 1, 2009; a Joint Case Management Statement shall be filed no later than April 24, 2009.

**IT IS SO ORDERED.**

Dated: February 17, 2009

MAXINE M. CHESNEY
United States District Judge