IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FORSYTHE, M.D., et al., | No. C-08-5160 MMC |
| Plaintiffs, | **ORDER AFFORDING PLAINTIFFS LEAVE TO FILE NOTICE IN RESPONSE TO CERTIFICATION FILED MAY 8, 2009** |
| v. | |
| ERIC HOLDER, et al., | |
| Defendants / | |

Before the Court is the "Federal Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint," filed March 25, 2009. The "Federal Defendants" are (1) Eric Holder, sued in his official capacity as Attorney General, United States Department of Justice ("Holder"); (2) Charles E. Johnson, sued in his official capacity as Acting Secretary of the Department of Health and Human Services ("Johnson"); (3) Frank Torti, in his official capacity as Acting Commissioner of the United States Food and Drug Administration ("Torti"); (4) John Zelinksy ("Zelinksy"); and (5) Robert Perlstein, M.D. ("Dr. Perlstein"). Plaintiffs James W. Forsythe, M.D. ("Dr. Forsythe") and Earlene Forsythe (collectively, "the Forsythes") have filed opposition, to which Federal Defendants have replied.

On May 8, 2009, after the above-referenced motion had been fully briefed and was under submission, the Federal Defendants filed a "Certification Pursuant to 28 U.S.C. § 2679(d)." In said Certification, Joann M. Swanson ("Swanson"), counsel for Federal

1  Defendants, states she has been authorized, pursuant to 28 C.F.R. § 15.3, to certify that
2  any of the "federal employee[s] named as a defendant in a civil action was acting within the
3  course and scope of his or her employment with reference to the matters alleged in the
4  suit." (See Swanson Decl. ¶ 1.) Swanson further declares, on the basis of her review of
5  the First Amended Complaint and "certain other information provided" to her, that Zelinksy
6  and Perlstein "were acting within the course and scope of their employment with the U.S.
7  Food and Drug Administration." (See id. ¶ 2.)

8  Where the Attorney General or his designee has certified that a federal employee
9  was "acting within the scope of his office or employment at the time of the incident out of
10 which the claim arose," the employee is dismissed as a defendant and the United States is
11 "substituted as the party defendant," except to the extent the plaintiff has alleged
12 "constitutional claims" against the employee. See Billings v. United States, 57 F.3d 797,
13 799-800 (9th Cir. 1995). "Certification by the Attorney General is prima facie evidence that
14 a federal employee was acting in the scope of [his] employment at the time of the incident
15 and is conclusive unless challenged." Id. at 800. "The party seeking review bears the
16 burden of presenting evidence and disproving the Attorney General's certification by a
17 preponderance of the evidence." Id.

18 Here, the Forsythes have alleged both constitutional and non-constitutional claims
19 against Zelinsky and Perlstein. Consequently, unless the Forsythes can meet their burden
20 of disproving the certification filed May 8, 2009, Zelinksy and Perlstein are properly
21 dismissed as defendants from each of the non-constitutional claims and the United States
22 substituted therefor.[1]

23 Accordingly, the Court hereby affords the Forsythes leave to file, no later than May
24 26, 2009, a notice stating whether they intend to contest the certification filed May 8, 2009.
25 //

26 ─────────────

27 [1]With respect to the merits of the action as against the United States, the Federal
   Defendants, in their pending motion to dismiss, have argued that each of the non-
28 constitutional claims alleged against the United States should be dismissed, and the
   Forsythes, in their opposition thereto, have responded to the merits of such argument.

In the event the Forsythes file a timely notice stating their intent to contest the certification, the Court hereby sets the following briefing schedule:

    1. No later than June 22, 2009, the Forsythes shall file a supplemental opposition, not to exceed ten pages, and any supporting evidence, such opposition and evidence being limited to the sole issue of whether Zelinsky and/or Perlstein were acting within the scope of their employment at the time of the incidents out of which the Forsythes claims arise.

    2. No later than July 13, 2009, the United States shall file any supplemental reply, not to exceed ten pages, and any supporting evidence.

Alternatively, in the event the Forsythes, as of May 26, 2009, have filed a notice stating they will not contest the certification, the Court will deem the Federal Defendants' motion to dismiss resubmitted as of May 26, 2009.

**IT IS SO ORDERED.**

Dated: May 14, 2009

MAXINE M. CHESNEY
United States District Judge

3