IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FORSYTHE, M.D., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ERIC HOLDER, et al.,<br><br>    Defendants | No. C-08-5160 MMC<br><br>**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; DEFERRING RULING ON DEFENDANT GUNDERSON'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is the "Federal Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint," filed March 25, 2009.  The "Federal Defendants" are (1) Eric Holder, sued in his official capacity as Attorney General, United States Department of Justice ("Holder"); (2) Charles E. Johnson, sued in his official capacity as Acting Secretary of the Department of Health and Human Services ("Johnson"); (3) Frank Torti, sued in his official capacity as Acting Commissioner of the United States Food and Drug Administration ("Torti"); (4) John Zelinsky, an agent with the Food and Drug Administration ("Agent Zelinksy"); and (5) Robert Perlstein, M.D., a physician employed by the Food and Drug Administration ("Dr. Perlstein").  Plaintiffs James W. Forsythe, M.D. ("Dr. Forsythe") and Earlene Forsythe (collectively, "the Forsythes") have filed opposition, to which the Federal Defendants have replied.  After the motion had been fully briefed, the Federal Defendants, on May 8, 2009, filed a Certification Pursuant to 28 U.S.C. §2679(d) ("Certification");

thereafter, with leave of the Court, the parties filed supplemental briefing with respect to the Certification.

Also before the Court is defendant Mark Gunderson, M.D.'s ("Dr. Gunderson") "Motion to Dismiss First Amended Complaint," filed March 25, 2009. The Forsythes have filed opposition thereto, to which Dr. Gunderson has replied.

Having read and considered the papers filed in support of and in opposition to the motions, and the filings with respect to the Certification, the Court hereby rules as follows.

## BACKGROUND

In their First Amended Complaint ("FAC"), the Forsythes allege claims arising from an investigation of Dr. Forsythe by the Food and Drug Administration ("FDA") and a subsequent prosecution of Dr. Forsythe, in the District of Nevada, for alleged criminal violations of Title 21 of the United States Code.

The FAC alleges that the FDA, the United States Attorney, Dr. Perlstein, and Agent Zelinsky "falsely stated or caused false statements of fact and law to be provided to the United States District Court for the District of Nevada and the United States Grand Jury for the State of Nevada" (see FAC ¶¶ 89, 98-99), and, as a result, Dr. Forsythe was indicted for a violation of 21 U.S.C. § 331(d) and a violation of 21 U.S.C. § 333(e) (see FAC ¶ 35). The FAC further alleges that "the Court and jury found that Dr. Forsythe had not committed any crime." (See FAC ¶ 118).

Additionally, the FAC alleges that Dr. Gunderson, a "competitor" of Dr. Forsythe, intentionally interfered with Dr. Forsythe's medical practice by providing to Agent Zelinsky "evidence to use against Dr. Forsythe" and by making "false statements about the outcome of Dr. Forsythe's trial." (See FAC ¶¶ 198, 200, 203.)

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the

1  pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8

2  announces does not require 'detailed factual allegations,' but it demands more than an

3  unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct.

4  1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

5       In analyzing a motion to dismiss, a district court must accept as true all material

6  allegations in the complaint, and construe them in the light most favorable to the

7  nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

8  "To survive a motion to dismiss, a complaint must contain sufficient factual material,

9  accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at

10 1949 (quoting Twombly, 550 U.S. at 570).  Courts "are not bound to accept as true a legal

11 conclusion couched as a factual allegation." See Iqbal, 129 S.Ct. at 1950 (quoting

12 Twombly, 550 U.S. at 555).

## DISCUSSION

### A. The Federal Defendants

The FAC alleges thirteen claims for relief against the United States,[1] some of which are asserted against Dr. Perlstein and Agent Zelinsky as well.  The Federal Defendants argue that each claim against them is subject to dismissal.

#### 1. Claims Alleged Against The United States

The FAC includes tort claims, constitutional claims, and a claim for declaratory relief, all of which are alleged against the United States.

##### a. Tort Claims

The Forsythes allege the following tort claims against the United States: (1) "negligence" (First Claim for Relief); (2) "negligent entrustment" (Second Claim for Relief); (3) "battery & use of excessive force" (Third Claim for Relief); (4) "assault and use

---

[1] As noted, three of the Federal Defendants are sued in their official capacities, specifically, Holder, Johnson, and Torti.  A suit against a federal officer in his "official capacity" is "essentially a suit against the United States." See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Consequently, the Court will treat the claims against Holder, Johnson, and Torti as claims against the United States, as do the parties in their respective briefs.

of excessive force" (Fourth Claim for Relief);[2] (5) "interference with current contractual relationships" (Seventh Claim for Relief); (6) "intentional interference with prospective business relationships" (Eighth Claim for Relief); (7) "business disparagement - slander/libel per se" (Ninth Claim for Relief); (8) "slander" (Tenth Claim for Relief); and (9) "malicious prosecution and abuse of process" (Eleventh Claim for Relief).

The Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the United States for actions in tort." See Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). "A tort claimant may not commence proceedings in court against the United States," however, "without first filing [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." Id. at 519. The claim requirement is "jurisdictional in nature and may not be waived." See id.

Here, the FAC does not allege the Forsythes presented an administrative claim prior to commencing the instant action. Further, in their opposition, the Forsythes state they did not present an administrative claim prior to commencing the instant action, and, consequently, concede their tort claims against the United States are subject to dismissal. (See Pls.' Opp. at 8:16-19 ("[T]he procedural posture of this case warrants a dismissal without prejudice of the common law tort claims with respect only to the [ ] United States.") (emphasis in original).)

Moreover, the Forsythes's tort claims for interference with current contractual relationships, intentional interference with prospective business relationships, business disparagement, and slander are subject to dismissal for the additional reason that, irrespective of whether an administrative claim has been filed, the United States has not waived its sovereign immunity with respect to such torts,. See 28 U.S.C. § 2680(h) (providing FTCA "shall not apply to . . . [a] claim arising out of . . . libel, slander, . . . or

---

[2]Although the Third and Fourth Claims for Relief are titled, in part, "use of excessive force," the Forsythes clarify in their opposition that those claims are "common law tort claims," not "constitutional claims." (See Pls.' Opp. at 5:9-12, 6:16-17.)

4

interference with contract rights").

Accordingly, to the extent the First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief are alleged against the United States, the claims are subject to dismissal without prejudice for lack of subject matter jurisdiction.

### b. Constitutional Claims

The Forsythes allege the following constitutional claims against the United States: (1) "violation of First Amendment" (Fifth Claim for Relief); (2) "procedural due process violations" (Sixth Claim for Relief); and (3) "violation of civil rights," specifically, "conspiracy to violate due process rights" and "violation of due process - false affidavits and testimony" (Sixth Claim for Relief).[3]

"In Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 [ ] (1971), the Supreme Court created a civil cause of action for injuries resulting from violations of the Constitution by federal officials." Ting v. United States, 927 F.2d 1504, 1509 (9th Cir. 1991). Such cause of action, however, is not available against the United States. See Ibrahim v. Department of Homeland Security, 538 F.3d 1250, 1257 (9th Cir. 2008). Moreover, a claim under 42 U.S.C. § 1983 cannot be brought against the United Sates, because the United States does not act "under color of state law." See Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999).

Accordingly, to the extent the First, Fifth and two Sixth Claims for Relief are alleged against the United States, the claims are subject to dismissal with prejudice.

### c. Claim for Declaratory Relief

In their Twelfth Claim for Relief, the Forsythes seek declaratory relief concerning Dr. Forsythe's right to prescribe human growth hormones. (See, e.g., FAC ¶ 261.B (alleging the Forsythes are entitled to declaration that federal law "does not prohibit a medical doctor from, based on an individualized determination of a proper course of treatment, prescribing human growth hormone[s] for treatment of a disease or other medical condition").)

---

[3]The FAC includes two claims for relief titled "Sixth Claim for Relief."

5

Where a plaintiff seeks declaratory relief, the plaintiff must allege sufficient facts to demonstrate an "actual controversy" exists. See Maryland Casualty Co v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941). In the absence of factual allegations showing a controversy of "sufficient immediacy and reality" to warrant declaratory relief, a district court lacks jurisdiction to consider a claim for declaratory relief. See id. at 272-73.

Here, the Forsythes do not allege the FDA is currently investigating or has threatened to investigate Dr. Forsythe, and/or that the FDA has threatened to institute any type of proceeding against Dr. Forsythe. Although the FAC alleges that "[t]here exists a justiciable controversy between medical doctors and the FDA as adverse parties regarding the FDA's authority to regulate doctors in their practice of medical" (see FAC ¶ 255), such conclusory allegation is insufficient to support a finding that, at present, a controversy between the Forsythes and the FDA exists. See Iqbal, 129 S.Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Moreover, the Forsythes, in their opposition, fail to identify any additional allegations they could include in a further amended pleading to support a finding of any existing controversy between Dr. Forsythe and the FDA, let alone a controversy of "sufficient immediacy and reality" to warrant declaratory relief. See Maryland Casualty Co., 312 U.S. at 272-73.

Accordingly, the Court lacks jurisdiction over the Twelfth Claim for Relief, and said claim is subject to dismissal without prejudice.

**2. Dr. Perlstein**

The Federal Defendants argue Dr. Perlstein should be dismissed for the reason the Forsythes have not served him with a summons and complaint.

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, the initial complaint was filed November 13, 2008. The Federal Defendants offer evidence, uncontested by the Forsythes, that a process server unsuccessfully

attempted to serve Dr. Perlstein on one occasion, specifically, on December 5, 2008, and was unsuccessful. (See Brown Decl., filed March 25, 2009, Ex. F.) In their opposition, the Forsythes do not contend they have personally served Dr. Perlstein on any later date, let alone offer evidence to establish such service. Further, in the Updated Joint Case Management Statement filed June 19, 2009, a date well after the 120-day deadline had expired, the parties, including the Forsythes, represented to the Court that Dr. Perlstein had not been personally served as of June 19, 2009. (See Updated Joint Case Management Statement, filed June 19, 2009, at 2:21-22.) At no time have the Forsythes explained their failure to personally serve Dr. Perlstein, nor have they requested an extension of time to do so, let alone shown why an extension is warranted. Under such circumstances, the Court will dismiss the claims against Dr. Perlstein. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (holding "failure to perfect individual service is fatal to [a plaintiff's] Bivens action against the named defendants").

Accordingly, the claims against Dr. Perlstein will be dismissed without prejudice pursuant to Rule 4(m).

### 3. Claims Against Agent Zelinsky

Each tort claim in the FAC, with the exception of the Second Claim for Relief, and each constitutional claim in the FAC is alleged against Agent Zelinsky.

#### a. Tort Claims

The Federal Defendants argue Agent Zelinsky is not a proper defendant to any of the tort claims, in light of the Certification filed May 8, 2009.

In the Certification, Assistant United States Attorney Joann M. Swanson declared that Agent Zelinsky was, "with reference to the matters alleged in the suit," acting "within the course and scope of [his] employment with the [FDA]." (See Certification ¶¶ 1,2.) As explained in the Court's order of May 14, 2009, where, as here, a designee of the United States Attorney General certifies that a federal employee was acting in the scope of his employment "at the time of the incident out of which the claim arose," the certification is "conclusive" and the employee must be dismissed as a defendant from all tort claims and

7

1  the United States substituted therefor, unless the plaintiff presents "evidence and
2  disprov[es] the Attorney General's Certification by a preponderance of the evidence."  See
3  Billings v. United States, 57 F.3d 797, 799-800 (9th Cir. 1995).  Although the Court, in its
4  May 1, 2009 order, afforded the Forsythes an opportunity to submit evidence to disprove
5  the Certification, the Forsythes have not offered any such evidence, and, consequently,
6  have failed to disprove the Certification by a preponderance of the evidence.[4]

7  Accordingly, to the extent the First, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and
8  Eleventh Claims for Relief are alleged against Agent Zelinsky, the claims are subject to
9  dismissal with prejudice.

### b. Constitutional Claims

11  As discussed above, the FAC includes three constitutional claims; each such claim
12  is alleged against Agent Zelinsky.  The Federal Defendants argue that all constitutional
13  claims alleged against Agent Zelinksy are subject to dismissal for, inter alia, lack of venue.[5]

14  Venue must be proper as to each claim and defendant.  See Hoover Group, Inc. v.
15  Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).  Venue over an action
16  presenting a federal question may be "brought only in (1) a judicial district where any
17  defendant resides, if all defendants reside in the same State, (2) a judicial district in which a
18  substantial part of the events or omissions giving rise to the claim occurred, or a substantial
19  part of property that is the subject of the action is situated, or (3) a judicial district in which
20  any defendant may be found, if there is no district in which the action may otherwise be

---

[4] On June 22, 2009, the Forsythes filed "Points and Authorities in Support of Plaintiffs' Objection to Certification Pursuant to 28 U.S.C. Section 2679(d)," but failed to support such objection with any evidence.

[5] In light of the Court's findings with respect to venue, discussed infra, the Court does not consider the Federal Defendants' alternative arguments as to these claims.  The Court notes, however, that the Federal Defendants' argument with respect to the statute of limitations does not address the principles set forth in Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000), their argument with respect to issue preclusion does not address the principles set forth in Fireman's Fund Ins. Co. v. International Market Place, 773 F.2d 1068 (9th Cir. 1985), and their argument with respect to qualified immunity assumes as true averments made in an affidavit, a document not subject to judicial notice on a motion to dismiss.

8

brought." See 28 U.S.C. § 1391(b). Here, because the Forsythes do not allege that any defendant other than Zelinsky resides in California, § 1391(b)(1) is inapplicable hereto, and because the action could be brought in Nevada, where the searches and prosecution at issue occurred, § 1391(b)(3) is inapplicable as well. Consequently, the Court has venue over the constitutional claims alleged against Agent Zelinsky only if a "substantial part of the events or omissions giving rise to [the constitutional claims] occurred" in this district. See 28 U.S.C. § 1391(b)(2).

### (1) Fifth Claim for Relief

In the Fifth Claim for Relief, the Forsythes allege that "[d]efendants" deprived them of their "First Amendment rights by threatening them with civil and criminal prosecution if they used [certain] words," such as "anti-aging medicine," or made certain "claims" about human growth hormones, such as that human growth hormones "increased lean muscle mass." (See FAC ¶ 168.)[6] The Forsythes also allege that because of such "threats," Dr. Forsythe ceased prescribing human growth hormones, incurring financial loss. (See FAC ¶ 172.) Further, according to the Forsythes, "[o]ne of the reasons for raiding and indicting Dr. Forsythe was his alleged misuse of certain terms protected by the First Amendment." (See FAC ¶ 169.)

The FAC fails to include any facts to support a finding that any event or omission giving rise to the Fifth Claim for Relief occurred in the Northern District of California, let alone that a "substantial part" of the events or omissions occurred therein. The Forsythes's conclusory allegation that "the conduct of Agent Zelinsky was done through the Western Regional office of the FDA located in San Francisco" is insufficient. See Iqbal, 129 S.Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Further, the challenged searches and prosecution occurred in Nevada, as did any resulting change in Dr. Forsythe's medical practice.

---

[6]Although the FAC does not expressly allege that Agent Zelinsky made any threats to prosecute Dr. Forsythe if the Forsythes engaged in certain speech, the Federal Defendants interpret the Fifth Claim for Relief to so allege. (See Defs.' Mot. at 18:18-20.)

9

"Venue is based on the facts alleged in the well-pleaded complaint." Hoover, 84 F. 3d at 1410. Because the FAC fails to include any facts, as opposed to legal conclusions, to support a finding that venue as to the Fifth Claim for Relief is proper in this District, the Fifth Claim for Relief, to the extent alleged against Agent Zelinsky, is subject to dismissal.

The Forsythes state that "[a]ny uncertainty" as to "the location of the act can be rectified in an amended complaint." (See Pls.' Opp. at 19:1-2.) Although the Forsythes fail to identify, as giving rise to the Fifth Claim for Relief, any event or omission that occurred in the Northern District of California, the Court will afford the Forsythes an opportunity to amend, specifically, to allege facts to support a finding that a substantial part of the events or omissions giving rise to the Fifth Claim for Relief occurred in this District.

### (2)  Sixth Claim for Relief ("Constitutional Violation Procedural Due Process Violations")

In the first of the two claims titled Sixth Claim for Relief, the Forsythes allege that the contents of "false affidavits" prepared by Agent Zelinsky were "disseminated to the general public, through the newspaper, the Federal Grand Jury, and various members of the public." (See FAC ¶ 179.) As a result, the Forsythes allege, Dr. Forsythe was indicted and subsequently "lost his medical malpractice insurance, privileges at every medical hospital in Northern Nevada, HMOs, PPOs, nursing home directorships, third party insurance medical providerships and other medical facilities." (See FAC ¶ 181.) The Forsythes further allege the "hospital privileges" were a "property right" of which Dr. Forsythe was deprived without "due process." (See FAC ¶¶ 182-83.)

The FAC fails to include any facts, as opposed to legal conclusions, to support a finding that any event or omission giving rise to this Sixth Claim for Relief occurred in the Northern District of California, let alone that a "substantial part" of the events or omissions occurred therein. Moreover, all of the property of which Dr. Forsythe was allegedly deprived is located in Nevada.

Accordingly, the Sixth Claim for Relief (Constitutional Violation Procedural Due Process Violations) is subject to dismissal. The Court will, however, afford the Forsythes

leave to amend said claim, specifically, to allege facts to support a finding that a substantial part of the events or omissions giving rise thereto occurred in this District.

### (3)  Sixth Claim for Relief ("Violation of Civil Rights")

In the second of the two claims titled Sixth Claim for Relief, the Forsythes allege that "[d]efendants conspired together to violate the due process and other civil rights of [the Forsythes] and to charge [Dr. Forsythe] with improper conduct which he did not commit," and that, in particular, Agent Zelinsky "deliberately or recklessly" made false statements and omissions in an affidavit, which statements and omissions were "material to the finding of probable cause."  (See FAC ¶¶ 190-91.)

Again, the FAC fails to include any facts to support a finding that any event or omission giving rise to this Sixth Claim for Relief occurred in the Northern District of California, let alone that a "substantial part" of the events or omissions occurred therein. Further, because the affidavit executed by Agent Zelinsky in support of the subject application for a search warrant was executed in the presence of a federal magistrate judge sitting in the District of Nevada (see Brown Decl. Ex. A),[7] each allegedly false statement and omission contained in said document was made in Nevada.  Moreover, the allegedly unlawful searches occurred in Nevada, as did the ensuing criminal prosecution.

Accordingly, this Sixth Claim for Relief is subject to dismissal.  The Court will, however, afford the Forsythes leave to amend to allege said claim, specifically, to allege facts to support a finding that a substantial part of the events or omissions giving rise thereto occurred in this District.[8]

**B. Claims Against Dr. Gunderson**

The Forsythes allege state law claims against Dr. Gunderson.  Dr. Gunderson

---

[7]The Court takes judicial notice of the contents of the application, which was filed in the District of Nevada.  (See id.)

[8]Should the Forsythes amend, they may not, however, reallege their entitlement to damages under 42 U.S.C. § 1983 (see FAC ¶ 188), because § 1983 "provides no right of action against federal (rather than state) officials."  See Russell, 191 F.3d at 1019.  Further, such amended claim shall not be designated by the same number as any other claim.

11

argues that the Court lacks personal jurisdiction over him.

The Court will defer ruling on Dr. Gunderson's motion, pending amendment, if any, of the Forsythes's constitutional claims against Agent Zelinsky.  See 28 U.S.C. § 1367(c)(3) (providing where causes of action over which district court has original jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over remaining claims).

**CONCLUSION**

For the reasons discussed above,

1. The Federal Defendants' motion to dismiss is hereby GRANTED, as follows:

    a.  The First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims for Relief, as alleged against the United States, are DISMISSED without prejudice.

    b.  The Fifth and two Sixth Claims for Relief, as alleged against the United States, are DISMISSED with prejudice.

    c.  All claims alleged against Dr. Perlstein are DISMISSED without prejudice.

    d.  The First, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief, as alleged against Agent Zelinsky, are DISMISSED with prejudice.

    e.  The Fifth and two Sixth Claims for Relief, as alleged against Agent Zelinsky, are DISMISSED with leave to amend.

2. No later than September 4, 2009, the Forsythes shall file any Second Amended Complaint.

3. The Court hereby DEFERS ruling on Dr. Gunderson's motion to dismiss.

4. The Case Management Conference is hereby CONTINUED from August 28, 2009 to November 13, 2009.  A Joint Case Management Statement shall be filed no later than November 6, 2009.

**IT IS SO ORDERED.**

Dated: August 14, 2009

MAXINE M. CHESNEY
United States District Judge