IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FORSYTHE, M.D., et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>ERIC HOLDER, et al., <br><br>　　　　Defendants | No. C-08-5160 MMC <br><br>**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; VACATING DECEMBER 4, 2009 HEARING** |

　　　Before the Court is the Federal Defendants motion, filed October 13, 2009, to dismiss plaintiffs' Second Amended Complaint ("SAC"). The Federal Defendants are (1) Eric Holder ("Holder"), sued in his official capacity as Attorney General, United States Department of Justice; (2) Kathleen Sebelius, ("Sebelius"), sued in her official capacity as Secretary of the Department of Health and Human Services; (3) Margaret A. Hamburg, M.D. ("Hamburg"), sued in her official capacity as Commissioner of the United States Food and Drug Administration ("FDA"); (4) John Zelinsky, an agent with the FDA ("Agent Zelinksy"); and (5) Robert Perlstein, M.D., a physician employed by the FDA ("Dr. Perlstein"). Plaintiffs James W. Forsythe, M.D. ("Dr. Forsythe") and Earlene Forsythe ("Mrs. Forsythe") (collectively, "the Forsythes") have filed opposition, to which the Federal Defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for determination on the

parties' respective submissions, VACATES the hearing scheduled for December 4, 2009, and rules as follows.

## BACKGROUND

In their SAC, the Forsythes allege claims arising from an investigation of Dr. Forsythe by the FDA and a subsequent prosecution of Dr. Forsythe, in the District of Nevada, for alleged criminal violations of Title 21 of the United States Code.

In particular, the Forsythes allege that the FDA, the United States Attorney, Dr. Perlstein, and Agent Zelinsky "falsely stated or caused false statements of fact and law to be provided to the United States District Court for the District of Nevada and the United States Grand Jury for the State of Nevada" (see SAC ¶¶ 95, 97), and, as a result, Dr. Forsythe was indicted for a violation of 21 U.S.C. § 331(d) and a violation of 21 U.S.C. § 333(e) (see SAC ¶ 41). The FAC further alleges that "the [district court] and jury found that Dr. Forsythe had not committed any crime." (See SAC second ¶ 114.)[1]

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation, citation, and alteration omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id.

In analyzing a motion to dismiss, a district court must accept as true all material

---

[1] The SAC has two set of allegations denominated as ¶¶ 110-119. (See SAC at 15:24 - 17:17; 17:18 - 19:12.)

allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See id. at 1950 (internal quotation and citation omitted).

## DISCUSSION

The Federal Defendants argue that each claim against them is subject to dismissal.

**A. Claims Against the United States**[2]

The Forsythes have alleged tort claims and a claim for declaratory and injunctive relief against the United States.

**1. Tort Claims Alleged Against The United States**

The Forsythes allege the following tort claims against the United States: (1) "negligence" (First Claim for Relief); (2) "negligent entrustment" (Second Claim for Relief); (3) "battery & use of excessive force" (Third Claim for Relief); (4) "assault and use of excessive force" (Fourth Claim for Relief);[3] (5) "intentional interference with prospective business relationships" (Ninth Claim for Relief); (6) "business disparagement - slander/libel per se" (Tenth Claim for Relief); and (7) "malicious prosecution and abuse of process" (Twelfth Claim for Relief). Additionally, as discussed below, two additional tort claims that the Forsythes allege against Dr. Perlstein, specifically, the claims for "interference with current contractual relationships" (Eighth Claim for Relief) and for "slander" (Eleventh

---

[2] As noted, three of the Federal Defendants are sued in their official capacities, specifically, Holder, Sebelius, and Hamburg. A suit against a federal officer in his "official capacity" is "essentially a suit against the United States." See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Consequently, the Court will treat the claims against Holder, Sebelius, and Hamburg as claims against the United States, as do the parties.

[3] Although the Third and Fourth Claims for Relief are titled, in part, "use of excessive force," the Forsythes have previously clarified that those claims are "common law tort claims," not "constitutional claims." (See Pls.' Opp., filed April 13, 2009, at 5:9-12, 6:16-17.)

3

Claim for Relief), will be deemed to have been brought against the United States.

### a. Compliance with Federal Tort Claims Act ("FTCA")

The FTCA "waives the sovereign immunity of the United States for actions in tort." See Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). "A tort claimant may not commence proceedings in court against the United States," however, "without first filing [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." Id. at 519. The claim requirement is "jurisdictional in nature and may not be waived." See id. Further, where a plaintiff files an FTCA action against the United States prior to exhausting his administrative remedies, and later exhausts his remedies, the district court must dismiss the action as premature. See McNeil v. United States, 508 U.S. 106, 111-12 (1993) (holding where plaintiff received denial of administrative claim after he filed FTCA action, district court correctly dismissed action because it had been "filed too early").

Here, by order filed August 14, 2009, the Court dismissed without prejudice the tort claims alleged against the United States in the First Amended Complaint ("FAC"), for the reason that the Forsythes conceded they had not presented an administrative claim prior to commencing the instant action. The Court did not afford the Forsythes leave to reallege their tort claims against the United States. Consequently, each of the tort claims alleged against the United States is subject to dismissal on such ground alone. See Fed. R. Civ. P. 15(a) (providing, where plaintiff has amended "once as a matter of course," plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave").

Moreover, the Forsythes have, again, failed to allege they exhausted their administrative remedies prior to filing the instant action. Indeed, the Forsythes do not even allege they did so prior to filing the SAC. Rather, in the SAC, the Forsythes allege they presented an administrative claim on May 10, 2009 (see SAC ¶ 15); the Forsythes do not allege the administrative claim had been denied before they filed the SAC.

4

In their opposition, the Forsythes argue the Court should find they exhausted their administrative remedies after they filed the SAC, because, they reason, the administrative claim should be deemed denied given that six months have now passed from the date they presented their administrative claim.[4]  The Forsythes's theory, however, is foreclosed by the Supreme Court's holding in McNeil, specifically, that a district court lacks jurisdiction over a complaint where the plaintiff does not exhaust his administrative remedies under the FTCA until after he has filed the complaint.  See McNeil, 508 U.S. at 111-12 (holding "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process").

Accordingly, the tort claims against the United States are subject to dismissal as having been filed prematurely.  See id.

**b.  Leave to Amend**

In their opposition, the Forsythes argue that in the event the Court finds the tort claims in the SAC were filed prematurely, the Court should afford the Forsythes leave to include such claims in a Third Amended Complaint, to be filed after the date on which the Forsythes's administrative claim has been denied or deemed denied.

The Forsythes cite no authority for the proposition that a party who, prior to filing an FTCA complaint, fails to exhaust his administrative remedies under the FTCA, can cure such deficiency by filing an amended complaint after he has exhausted his administrative remedies.  As discussed above, the Supreme Court has held a district court lacks jurisdiction over a tort claim against the United States brought in an action filed prior to exhaustion.  See id.  The Forsythes's implicit argument that the holding in McNeil can be

---

[4] According to the United States, the Forsythes presented their administrative claim on April 27, 2009 (see Hawkins Decl., filed October 13, 2009, ¶ 4), which claim was returned to the Forsythes on August 17, 2009, as "invalid" for the reason that it "failed to request a sum certain in damages" (see id. ¶ 7), and that the Forsythes, on November 13, 2009, thereafter presented an administrative claim in which they requested a sum certain in damages (see Supp. Brown Decl., filed November 20, 2009, Ex. A).  No party, however, has provided to the Court a copy of the Forsysthes's April 27 claim.  Consequently, the Court is unable to determine, on the instant record, whether such claim was or was not valid.

5

avoided by the simple expedient of post-exhaustion amendment is unpersuasive. Indeed, those district courts that have considered the argument have rejected it. See Sparrow v. United States Postal Service, 825 F. Supp. 252, 254 (E.D. Cal. 1993) ("To permit the premature filing of an FTCA action to be cured by the filing of an amended complaint upon denial of an administrative claim would be inconsistent with both McNeil and the rationale behind the jurisdictional prerequisite mandated by the FTCA."); see also Edwards v. District of Columbia, 616 F. Supp. 2d 112, 117 (D. D.C. 2009) (holding "failure to exhaust administrative remedies prior to filing suit cannot be remedied by amending the complaint at a later date") (emphasis in original) (citing cases).

Consequently, the tort claims against the United States will be dismissed without prejudice and without leave to amend in this action.

Moreover, irrespective of the issue of exhaustion, leave to amend to reallege herein the Forsythes's claims for interference with contractual relations, intentional interference with prospective business relationships, business disparagement, and slander would be futile for the reason that the United States has not waived its sovereign immunity with respect to such torts. See 28 U.S.C. § 2680(h) (providing FTCA "shall not apply to . . . [a] claim arising out of . . . libel, slander, . . . or interference with contract rights").

Finally, and again irrespective of the issue of exhaustion, leave to amend to reallege herein the Forsythes's claims for battery, assault, negligence, and negligent entrustment would be futile for the reason that such claims would be barred by the applicable two-year statute of limitations. A tort claim against the United States accrues when the plaintiff "knows or has reason to know of the injury," see Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008), and is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claims accrues," see 28 U.S.C. § 2401(b). The two-year period cannot be extended by the doctrines of "equitable estoppel" or "equitable tolling." See Marley v. United States, 567 F.3d 1030, 1034 (9th Cir. 2009). Here, the Forsythes's claims for battery and for assault are based on alleged incidents that occurred during the course of a search conducted on February 16, 2005 (see

SAC ¶¶ 140-144, 149-52, 156-57); such claims accrued on February 16, 2005. The Forsythes's claims for negligence and for negligent entrustment are based on the FDA's investigation of Dr. Forsythe, which investigation culminated in the filing of criminal charges against him (see SAC ¶¶ 120-22, 129-35); such claims accrued, at the latest, on September 27, 2006, the date on which the United States Attorney in Nevada instituted the criminal action against Dr. Forsythe (see Brown Decl., filed October 13, 2009, Exs. A, B, D). As noted, the Forsythes did not present these claims to a federal agency until 2009.[5]

Accordingly, the First, Second, Third, Fourth, and Twelfth Claims for Relief are subject to dismissal without prejudice for lack of subject matter jurisdiction, and without leave to amend in this action. Further, to the extent the Eighth, Ninth, Tenth, and Eleventh Claims for Relief are alleged against the United States,[6] the claims are subject to dismissal without prejudice for lack of subject matter jurisdiction, and without leave to amend in this action.

**2. Claim for Declaratory and Injunctive Relief**

In their Thirteenth Claim for Relief, the Forsythes allege that "a justiciable controversy exists . . . between Dr. Forsythe and the FDA regarding the legality of Dr. Forsythe's prescribing human growth hormone for a medical purpose" (see SAC ¶ 259), and that "Dr. Forsythe is threatened with additional prosecution by the FDA if he prescribed human growth hormone despite the fact that he diagnosis [sic] a medical purpose which falls within the definition of permissible use of HGH [human growth hormone]" (see id.). As relief, the Forsythes seek various declarations concerning Dr. Forsythe's right to prescribe

---

[5]The Forsythes's remaining tort claim, malicious prosecution, accrued on the date the criminal charges were dismissed, see Heck v. Humphrey, 512 U.S. 477, 489 (1994), i.e., November 6, 2007 (see Brown Decl. Ex. E). As noted, the Court cannot determine, on the record provided in connection with the instant motion, whether the Forsythes's administrative claim was filed in April 2009 or November 2009. Consequently, the Court does not determine herein whether the Forsythes's malicious prosecution claim likewise would be barred by the statute of limitations.

[6]The Eighth, Ninth, Tenth, and Eleventh Claims for Relief are also alleged against Mark Gunderson, M.D. ("Dr. Gunderson"), who is not an employee of the United States. Dr. Gunderson has separately moved to dismiss the claims alleged against him; Dr. Gunderson's motion to dismiss is scheduled to be heard on January 29, 2010.

human growth hormones (see, e.g., SAC ¶ 266.B (alleging the Forsythes are entitled to declaration that federal law "does not prohibit a medical doctor from, based on an individualized determination of a proper course of treatment, prescribing human growth hormone for treatment of a disease or other medical condition")), as well as an order "enjoining the FDA from criminally prosecuting licensed physicians for prescribing legal drugs for diagnosed medical conditions" (see SAC ¶ 267).

With respect to the latter, the Court notes at the outset that the Attorney General, not the FDA, determines whether to prosecute physicians, or anyone else, for violations of federal law. See Ewing v. Mytinger & Casselberry, 339 U.S. 594, 598-99 (1950) ("All proceedings for the enforcement of the [Food, Drug and Cosmetic] Act or to restrain violations of it must be brought by and in the name of the United States. Whether a suit will be instituted depends on the Attorney General, not on the administrative agency. He may or may not accept the agency's recommendation."). In any event, whether the instant claim is construed as a claim to preclude the FDA from investigating certain of Dr. Forsythe's practices and thereafter referring him for prosecution to the Attorney General, or a claim to preclude the Attorney General from prosecuting Dr. Forsythe for engaging in certain practices, the Court finds it lacks jurisdiction to consider it.

As the Supreme Court has held, "it has never been that the hand of government must be stayed until the courts have an opportunity to determine whether the government is justified in instituting suit in the courts," despite the fact that "[t]he impact of an indictment is on the reputation or liberty of a man" and that "harm to property and business can also be incalculable by the mere institution of [criminal] proceedings." See id. at 599. Consistent therewith, the Ninth Circuit has held that "courts of equity [do] not ordinarily restrain criminal prosecutions." See Steiner v. Hocke, 272 F.2d 384, 385-86 (9th Cir. 1959) (dismissing appeal by parties who sought to enjoin removal from California for prosecution on federal indictment filed in Michigan; finding "no reason . . . why appellants should be permitted to depart from the ordinary rule that equity will not intervene in criminal proceedings"). Here, even assuming, arguendo, there may exist unusual situations where

a district court may enjoin a federal agency from investigating a possible crime and/or enjoin the Attorney General from instituting and prosecuting a criminal action, the Forsythes's SAC fails to set forth any such situation.

Consequently, the claim for injunctive relief is subject to dismissal for lack of jurisdiction.

Moreover, the Court finds venue as to the Thirteenth Claim for Relief, in its entirety, is improper in the Northern District of California. Venue must be proper as to each claim and defendant. See Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996). Because the Thirteenth Claim for Relief seeks relief against officers of the Executive Branch in their official capacity, specifically, Holder, Sebelius, and Hamburg, the applicable venue statute is 28 U.S.C. § 1391(e), which provides that such a claim may be brought where "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." See 28 U.S.C. § 1391(e); see Stafford v. Briggs, 444 U.S. 527, 540-44 (1980) (holding § 1391(e) applies to "mandamus-type" claims in which a plaintiff claims are "nominally against an individual officer but are in reality against the Government"); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (holding § 1391(e) applies to claims brought against officers of Executive Branch).

Here, none of the three federal officials resides in the Northern District of California, nor do either of the Forsythes. Consequently, venue as to the Thirteenth Claim for Relief is proper only if a "substantial part of the events or omissions giving rise to the claim occurred" in this district. See 28 U.S.C. § 1391(e)(2). By the Thirteenth Claim for Relief, the Forsythes seek, in essence, a finding that Dr. Forsythe is entitled to engage in certain conduct regarding his medical practice, which conduct either has taken or is to take place solely in the District of Nevada. Further, the Forsythes seek to enjoin a prosecution that, if it occurs, would, in all likelihood, be instituted in the District of Nevada. See Fed. R. Crim. P. 18 (stating general rule that "government must prosecute an offense in a district where

the offense was committed"). Under such circumstances, a "substantial part of the events or omissions" giving rise to the Thirteenth Claim for Relief has not occurred in the Northern District of California. In sum, venue as to the Thirteenth Claim for Relief is improper in this District.

Accordingly, the Thirteenth Claim for Relief is subject to dismissal without prejudice and without further leave to amend in this District.

**B. Claims Against Defendants In Individual Capacity**

The SAC alleges claims against two of the Federal Defendants in their individual capacities, specifically, Dr. Perlstein and Agent Zelinsky.

**1. Tort Claims Against Dr. Perlstein** [7]

The SAC alleges two tort claims against Dr. Perlstein, specifically, "interference with current contractual relationships" (Eighth Claim for Relief), and "slander" (Eleventh Claim for Relief).

The Federal Defendants argue Dr. Perlstein is not a proper defendant to the tort claims, in light of a Certification filed May 8, 2009 pursuant to 28 U.S.C. § 2679(d). In the Certification, Assistant United States Attorney Joann M. Swanson declared that Dr. Perlstein was, "with reference to the matters alleged in the suit," acting "within the course and scope of [his] employment with the [FDA]." (See Certification ¶¶ 1, 2.) As explained in the Court's order of May 14, 2009, where, as here, a designee of the United States Attorney General certifies that a federal employee was acting in the scope of his employment "at the time of the incident out of which the claim arose," the certification is "conclusive" and the employee must be dismissed as a defendant from all tort claims and the United States substituted therefor, unless the plaintiff presents "evidence and disprov[es] the Attorney General's Certification by a preponderance of the evidence." See Billings v. United States, 57 F.3d 797, 799-800 (9th Cir. 1995). Although the Court, in its

---

[7] By order filed August 14, 2009, the Court dismissed with prejudice all tort claims brought against Agent Zelinksy. (See Order Granting Federal Defs.' Mot. to Dismiss FAC at 7:17 - 8:9.)

May 1, 2009 order, afforded the Forsythes an opportunity to submit evidence to disprove the Certification, the Forsythes have not offered any such evidence,[8] and, consequently, have failed to disprove the Certification by a preponderance of the evidence.

Accordingly, to the extent the Eighth and Twelfth Claims for Relief are alleged against Dr. Perlstein, the claims are subject to dismissal without leave to amend.

**2. Constitutional Claims**

The Forsythes allege the following three constitutional claims against Dr. Perlstein and Agent Zelinsky:  (1) "violation of First Amendment" (Fifth Claim for Relief); (2) "constitutional violation [-] procedural due process violations" (Sixth Claim for Relief); and (3) "violation of civil rights," specifically, "conspiracy to violate due process rights" and "violation of due process - false affidavits and testimony" (Seventh Claim for Relief).

The Federal Defendants argue that the constitutional claims are subject to dismissal, for the reason they are barred by the applicable statute of limitations.

The Forsythes's constitutional claims are brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (creating civil cause of action for damages resulting from violations of the Constitution by federal officials).[9] The statute of limitations applicable to a Bivens claim is the forum state's statute applicable to personal injury actions, see Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991), which, in California, is two years, see Cal. Code Civ. Proc. § 335.1.

A federal civil rights claim accrues at the time the plaintiff knows, or should know, he "[has] been injured and by whom, even if at that point in time the plaintiff[ ] did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the [defendant's act]." See Lukovsky v. City of County of San Francisco, 535 F.3d 1044, 1051

---

[8]On June 22, 2009, the Forsythes filed "Points and Authorities in Support of Plaintiffs' Objection to Certification Pursuant to 28 U.S.C. Section 2679(d)."

[9]The Seventh Claim for Relief references 42 U.S.C. § 1983.  (See SAC ¶ 189.)  As explained in the Court's August 14, 2009 order, 42 U.S. § 1983 "provides no right of action against federal (rather than state) officials."  See Russell v. United States Dep't of Army, 191 F.3d 1016, 1019 (9th Cir. 1999).  Accordingly, the reference to § 1983 in the Seventh Claim for Relief will be disregarded.

(9th Cir. 2008).

### a. Fifth Claim for Relief

In the Fifth Claim for Relief, the Forsythes allege that "[d]efendants" deprived them of their "First Amendment rights by threatening them with civil and criminal prosecution if they used [certain] words," such as "anti-aging medicine," or made certain "claims" about human growth hormones, e.g., that human growth hormones "increased lean muscle mass." (See SAC ¶ 163.) Further, according to the Forsythes, "[o]ne of the reasons for raiding and indicting Dr. Forsythe was his alleged misuse of certain terms protected by the First Amendment." (See SAC ¶ 169.) Additionally, the Forsythes allege, the prosecution of Dr. Forsythe was in retaliation for Mrs. Forsythe's political activities. (See SAC ¶¶ 54-55, 162.) In short, the alleged injury was the indictment, which, the Forsythes allege, was in retaliation for prior First Amendment activity by each of the Forsythes.

Dr. Forsythe was indicted on September 26, 2006. The Forsythes filed their initial complaint herein on November 13, 2008, a date more than two years after the criminal proceedings were allegedly commenced in violation of the Forsythes's First Amendment rights. The Forsythes argue the Fifth Claim for Relief nonetheless is not barred by the applicable two-year statute of limitations, on the theory that their civil rights claims did not accrue until November 6, 2007, the date on which the criminal charges against Dr. Forsythe were dismissed. In support thereof, the Forsythes rely on Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [ ] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." See id. at 486-87; see, e.g., Guerrero v. Gates, 442 F.3d 697, 703-04 (9th Cir. 2006) (holding claims by prisoner for "[w]rongful arrest, malicious prosecution, and a conspiracy among [ ] officials to bring false charges" barred by Heck). Although Heck

12

concerned a plaintiff who had been convicted, the Forsythes argue the principal set forth therein also applies to a plaintiff as to whom criminal charges are dropped.

The Forsythes's argument is foreclosed by the Supreme Court's holding in Wallace v. Kato, 549 U.S. 384 (2007). Specifically, in Wallace, the Supreme Court rejected the argument that, under Heck, a suit that "would impugn an anticipated future conviction" does not accrue "until the State drop[s] its charges against [the plaintiff]." See id. at 392-94 (emphasis in original) (characterizing argument as seeking "bizarre extension of Heck"). Rather, the Supreme Court held, the "Heck rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment." See id. at 393 (emphasis in original) (internal quotation, citation and alteration omitted). Stated otherwise, the Heck rule does not apply if a plaintiff has never been convicted, which is the case here.

Accordingly, because the initial complaint was filed more than two years after Dr. Forsythe was indicted, the Court finds the Fifth Claim for Relief is barred by the statute of limitations, and is subject to dismissal without leave to amend.

### b. Sixth Claim for Relief

In the Sixth Claim for Relief, the Forsythes allege they were deprived of due process when Dr. Forsythe was "indicted based upon false affidavits generated by the FDA [and other federal agencies]" (see SAC ¶ 179), including affidavits prepared by Agent Zelinsky (see SAC ¶ 178). This claim is, for the reasons discussed above with respect to the Fifth Claim for Relief, barred by the statute of limitations.

The Sixth Claim for Relief also alleges that Dr. Forsythe was deprived of "hospital privileges" in Nevada, which privileges, the Forsythes allege, are a "property right." (See SAC ¶¶ 180-81.) To the extent such allegation is meant to plead a distinct claim for relief, as opposed to an element of damages resulting from defendants' role in the allegedly unlawful institution of criminal proceedings, the Forsythes have failed to state a claim against either Dr. Perlstein or Agent Zelinsky, for the reason that the Forsythes do not allege, and cannot allege, that either of those defendants was the individual or entity

having the authority to grant, deny, or revoke such privileges.  (<u>See</u> SAC ¶ 180 (listing loss of privileges with such entities as "every medical hospital in Northern Nevada," "nursing home directorships," "third party insurance directorships," and "other medical facilities that ceased "doing business" with Dr. Forsythe).)

Accordingly, the Sixth Claim for Relief is subject to dismissal without leave to amend.

### c.  Seventh Claim for Relief

In the Seventh Claim for Relief, the Forsythes allege that "[d]efendants conspired together to violate the due process and other civil rights of [the Forsythes] and to charge [Dr. Forsythe] with improper conduct which he did not commit" (<u>see</u> SAC ¶ 190), and that, in particular, Dr. Perlstein and Agent Zelinsky "deliberately or recklessly" made false statements and omissions in an affidavit, which statements and omissions were "material to the finding of probable cause."  (<u>See</u> SAC ¶¶ 191-92.)  The Forsythes further allege that the "FDA," an apparent reference to one or both of the individual defendants, failed to provide notice required by the FDA before a criminal investigation could be initiated against the Forsythes."  (<u>See</u> SAC ¶ 192.J.)

For the reasons stated above with respect to the Fifth Claim for Relief, the Court finds the Seventh Claim for Relief is barred by the statute of limitations.

Accordingly, the Seventh Claim for Relief is subject to dismissal without leave to amend.

### CONCLUSION

For the reasons discussed above, the Federal Defendants' motion to dismiss is hereby GRANTED, and the claims alleged against the Federal Defendants are hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated:  November 30, 2009

MAXINE M. CHESNEY
United States District Judge

14