IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FORSYTHE, M.D., et al., | No. C-08-5160 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT GUNDERSON'S MOTION TO DISMISS; DISMISSING CLAIMS AGAINST GUNDERSON WITHOUT PREJUDICE; VACATING HEARING** |
| v. | |
| ERIC HOLDER, et al., | |
| Defendants / | |

Before the Court is defendant Mark Gunderson, M.D.'s ("Dr. Gunderson") "Appearance to Contest Jurisdiction Only by Motion to Dismiss Second Amended Complaint," filed October 13, 2009. Plaintiffs James W. Forsythe, M.D. ("Dr. Forsythe") and Earlene Forsythe (collectively, "the Forsythes") have not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for January 29, 2010, and rules as follows.

//

//

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than January 8, 2010. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date).

**BACKGROUND**

In the Second Amended Complaint ("SAC"), the Forsythes allege they are residents of Nevada, and that Dr. Forsythe practices medicine in Nevada. (See SAC ¶¶ 1, 2, 22.) Additionally, the Forsythes allege, Dr. Gunderson is a resident of Nevada who practices medicine in Nevada and is a "competitor of Dr. Forsythe." (See SAC ¶ 9.)

The Forsythes also allege that, during the course of an investigation by the Food and Drug Administration ("FDA") into Dr. Forsythe's medical practice, Dr. Gunderson provided the FDA with "boxes of medications," which boxes were subsequently "used" in a criminal prosecution of Dr. Forsythe instituted in 2006 in the United States District Court for the District of Nevada. (See SAC ¶¶ 9.e., 17-25, 41, 132.) The Forsythes allege that Dr. Gunderson "provided evidence to use against Dr. Forsythe" so that he could "obtain Dr. Forsythe's clients." (See SAC ¶ 206.) According to the Forsythes, as a result of the indictment, the number of patient "referrals" Dr. Forsythe received was "reduced" and some of Dr. Forsythe's patients were "improperly referred" to others. (See Compl. ¶ 202.c.) Further, the Forsythes allege, although Dr. Forsythe was later "acquitted" because the drug he had been accused of wrongfully prescribing "was approved in 1995," Dr. Gunderson made "false statements about the outcome of Dr. Forsythe's trial, implying that Dr. Forsythe was acquitted due to poor government witnesses." (See SAC ¶ 203.)

The SAC contains thirteen causes of action, five of which are alleged against Dr. Gunderson.[2] Specifically, as against Dr. Gunderson, the Forsythes allege three federal claims, specifically, "violation of First Amendment right" (see SAC at 23:18-19), "constitutional violation procedural due process" (see SAC at 25:20-21), and "violation of civil rights" (see SAC at 26:21), as well as two claims arising under state law, specifically, "interference with current contractual relationship" (see SAC at 28:12-13), and "intentional interference with prospective business relationships" (see SAC at 31:3-4).

---

[2]The SAC also includes claims against five officials and employees of the United States; each of the claims alleged against those defendants has been dismissed without leave to amend. (See Order, filed November 30, 2009.)

**DISCUSSION**

"Courts may exercise either general or specific personal jurisdiction over nonresident defendants." FDIC v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987). Here, Dr. Gunderson argues the SAC is subject to dismissal as against him, on the ground he is not subject to either general or specific personal jurisdiction in California.

**A. General Jurisdiction**

"General jurisdiction exists when [a] nonresident has substantial or continuous and systematic contacts with the forum state." Id. (internal quotation and citation omitted). "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation and citation omitted).

Here, Dr. Gunderson offers evidence, undisputed by the Forsythes,[3] that he has practiced medicine in Nevada for "the last twenty years" (see Gunderson Aff., filed February 4, 2009, ¶ 2),[4] that he has not had a license to practice medicine in California "for more than a decade" (see id. ¶ 3), and that, although he and his wife "own a vacation home in Quincy, California," they "are infrequently there and permanently reside as full time residents in Reno, Nevada" (see id. ¶ 4). Plainly, such long-ago work in California and current infrequent visits to California do not rise to the level of "approximate physical presence" in California. See Bancroft & Masters, 223 F.3d at 1086. Further, although the SAC alleges, and Dr. Gunderson does not dispute for purposes of the instant motion, that Dr. Gunderson "seek[s] business from California by advertising and by accepting California patients for treatment" (see SAC ¶ 9.b), such connections to California are, as a matter of law, too minimal to support the exercise of general jurisdiction. See Shute v. Carnival Cruise Lines, Inc., 897 F. 2d 377, 381 (9th Cir. 1990) (holding defendant cruise ship's

---

[3] As noted, the Forsythes have not filed opposition to the instant motion.

[4] Dr. Gunderson's affidavit was filed in support of a previous motion, and has been incorporated by reference in the instant motion.

advertising in forum, mailing brochures to travel agents in forum, and conducting promotional seminars in forum were insufficient to support exercise of general jurisdiction), rev'd on other grounds, 499 U.S. 585 (1991).

Accordingly, the Forsythes have failed to show Dr. Gunderson is subject to general jurisdiction in California.

**B. Specific Jurisdiction**

"Even without general jurisdiction over the defendant, the court in [the forum state] would have jurisdiction specific to the case at bar, if the controversy were sufficiently related to or arose out of [the defendant's] contacts with the forum state." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). A three-part test is used to determine whether such limited jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

See id. (internal citation and quotation omitted) (alterations in original).

Here, under the above-quoted standard, there is an insufficient showing to support a finding of specific jurisdiction.

First, with respect to Dr. Gunderson's vacation home in Quincy, the Forsythes do not allege that any wrongful conduct occurred during, or as a result of, any visit by Dr. Gunderson to Quincy.

Second, although the SAC alleges Dr. Gunderson has advertised his services to persons who reside in California, the Forsythes's claims do not arise from such advertising.

Third, the allegation that Dr. Gunderson made "false statements" about the outcome of Dr. Forsythe's criminal trial (see SAC ¶ 218) does not support a finding of specific jurisdiction, because the Forsythes do not allege that any "false statements" were "expressly aimed" at California or had any effect in California. Cf. Brayton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 986 (9th Cir. 2009) (holding first element necessary

to establish specific jurisdiction satisfied where defendant commits intentional act "expressly aimed" at forum, which act causes harm defendant knows is "likely to be suffered in the forum state").

Finally, the SAC's allegation that evidence provided by Dr. Gunderson to the FDA was "used" during Dr. Forsythe's criminal trial in Nevada (see SAC ¶ 9.e) is insufficient to support a finding of specific jurisdiction, because the SAC does not allege that any harm to the Forsythes, caused by Dr. Gunderson's providing evidence to the FDA, occurred in California, let alone that Dr. Gunderson knew any harm potentially resulting therefrom was likely to be suffered in California. Cf. Brayton Purcell, 575 F.3d at 986.

Accordingly, the Forsythes have failed to show Dr. Gunderson is subject to specific jurisdiction in California.

**CONCLUSION**

For the reasons stated above, Dr. Gunderson's motion to dismiss is hereby GRANTED, and the Second Amended Complaint is, as against said defendant, hereby DISMISSED without prejudice.

Because the Court has previously dismissed the Forsythes's claims against all other defendants, the Clerk is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: January 20, 2010

MAXINE M. CHESNEY
United States District Judge